UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 OCT 31  A 11: 28
US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| N. JAMES VALENTINE, | : |
| Plaintiff, | : |
| VS. | : CIVIL ACTION NO. |
| | : 3:03CV153 (DJS) |
| NATIONAL SPORTS SERVICES, INC., SMASHMOUTH SPORTS, SCOTT SPREITZER, JIM FEIST SPORTS, JIM FEIST, JOHN DOES 1-5 and XYZ CORPORATIONS 1-5 (such names being fictitious), | : |
| Defendants. | : OCTOBER 30, 2003 |

## RULE 26(f) REPORT ON PARTIES' PLANNING MEETING

Date Original Complaint Filed: January 23, 2003.

Date Second Amended Complaint Filed: October 24, 2003.

Date Second Amended Complaint Served: October 21, 2003 (by mail).

Date of Defendant's Appearance: March 5, 2003.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a telephone conference was held on October 29, 2003. The participants were:

- Elahna Weinflash of the firm Jerry D. Goldstein, LLC, for plaintiff, N. James Valentine ("Plaintiff").

- Mark D. Alexander of the firm Axinn, Veltrop & Harkrider LLP for defendants National Sports Services, Inc., Smashmouth Sports, Scott Spreitzer, Jim Feist Sports and Jim Feist (collectively, "Defendants").

I.   CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.  JURISDICTION

   A.   Subject Matter Jurisdiction:

Plaintiff alleges that subject matter jurisdiction is grounded in 28 U.S.C. § 1332.

   B.   Personal Jurisdiction:

Plaintiffs allege that personal jurisdiction is grounded in the Connecticut long-arm statutes, Conn. Gen. Stat. §§ 33-929 and 52-59(b).

III. BRIEF DESCRIPTION OF THE CASE

   A.   Claims of Plaintiff

> Plaintiff claims that Defendants defrauded him by misrepresenting their services and the reliability of their services – handicapping professional and college football games, among other sporting events. Plaintiff alleges that Defendants' actions violate the Connecticut Unfair Trade Practices Act as well as the common law. Specifically, Plaintiff alleges Defendants' conduct constitutes negligent misrepresentation, fraudulent misrepresentation and breach of contract.

   B.   Defenses and Claims (Counterclaims, Third-Party Claims, Cross-Claims) of Defendants

Defendants have not yet Answered the Amended Complaint, but intend to deny all

substantive allegations and asset counterclaims sounding in accord and satisfaction, release, statute of limitations and statute of frauds.

    C.    Defenses and Claims of Third-Party Defendants

Not applicable.

IV.    STATEMENT OF UNDISPUTED FACTS

Counsel certify that they made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

    (1)    National Sports Services, Inc. is a corporation duly organized and existing under the laws of the State of Nevada, having a regular and established place of business at 3110 Polaris Avenue, Las Vegas, Nevada 89102.

    (2)    Jim Feist Sports and Smashmouth Sports are unincorporated divisions of National Sports Services, Inc., having regular and established places of business at 3110 Polaris Avenue, Las Vegas, Nevada 89102.

V.    CASE MANAGEMENT PLAN

    A.    Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

    B.    Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C.    Early Settlement Conference.

        1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion

       practice. Settlement is unlikely at this time.

    2.     The parties do not request an early settlement conference.

    3.     The parties prefer a settlement conference with a magistrate judge.

    4.     The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D.     Joinder of Parties and Amendment of Pleadings.

    1.     Plaintiff should be allowed until November 30, 2003 to file motions to join additional parties and until November 30, 2003 to file motions to amend the pleadings.

    2.     Defendants should be allowed until December 30, 2003 to file motions to join additional parties.

E.     Discovery.

    1.     At least one of the parties anticipates that discovery will be needed on the following subjects:

        a.     Communications between Plaintiff and Defendants;

        b.     Transactions, contracts and relationship between Plaintiff and Defendants; and

        c.     Plaintiff's injuries.

    2.     All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced after the Court enters its Scheduling Order and will be completed (not propounded) by April 1, 1, 2004.

4

3. Discovery will not be conducted in phases.

4. There are no issues for early discovery.

5. The parties anticipate that the Plaintiff will require a total of not more than five depositions of fact witnesses and that the Defendants will require a total of not more than five depositions of fact witnesses. The depositions will commence after January 1, 2004 and be completed by April 1, 2004.

6. The parties will not request permission to serve more than 25 interrogatories.

7. Plaintiff intends to call expert witnesses at trial.

8. Defendants intend to call expert witnesses at trial.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by January 1, 2004.

F. Dispositive Motions.

Dispositive motions will be filed on or before May 15, 2004.

G. Joint Trial Memorandum.

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 60 days after the close of discovery or a decision on all dispositive motions, whichever is later.

VI. TRIAL READINESS

The case will be ready for trial by 90 days after the close of discovery or a decision on all dispositive motions, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

N. JAMES VALENTINE,
PLAINTIFF,

By _____
Jerry D. Goldstein, Esq. (ct17834)
E-Mail: jgoldstein@jdgonline.com
Jerry D. Goldstein, L.L.C.
264 Union Boulevard
Totowa, NJ 07512
Tel: 973-595-5727 or 888-288-9396
Fax: 973-595-5522

Attorney for Plaintiff


NATIONAL SPORTS SERVICES, INC.,
SMASHMOUTH SPORTS, SCOTT
SPREITZER, JIM FEIST SPORTS, JIM
FEIST,
DEFENDANTS,

By _____
Mark D. Alexander (ct20645)
E-mail: mda@avhlaw.com
Chad A. Landmon (ct20932)
E-mail: cal@avhlaw.com
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702
Telephone:   860-275-8100
Facsimile:   860-275-8101

Attorneys for Defendants