UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 NOV -7  P 1: 08
US DISTRICT COURT
HARTFORD CT

N. JAMES VALENTINE,

    Plaintiff,

VS.

NATIONAL SPORTS SERVICES, INC., SMASHMOUTH SPORTS, SCOTT SPREITZER, JIM FEIST SPORTS, JIM FEIST, JOHN DOES 1-5 and XYZ CORPORATIONS 1-5 (such names being fictitious),

    Defendants.

CIVIL ACTION NO.
3:03CV153 (DJS)

NOVEMBER 7, 2003

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants National Sports Services, Inc., Smashmouth Sports, Scott Spreitzer, Jim Feist Sports and Jim Feist (collectively, "Defendants"), hereby respond to the Second Amended Complaint and Jury Demand (the "Complaint") of plaintiff N. James Valentine (the "Plaintiff") as follows:

    1.    Defendants deny the allegations in paragraph 1 of the Complaint, except to admit that the Complaint purports to allege certain claims under Connecticut law.

    2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

    3.    Defendants admit the allegations in paragraph 3 of the Complaint.

    4.    Defendants admit the allegations in paragraph 4 of the Complaint.

    5.    Defendants deny the allegations in paragraph 5 of the Complaint, except to admit that Defendant Scott Spreitzer is a citizen of the State of Nevada and admit that Scott Spreitzer and Jim Feist are referred to collectively in the Complaint as the "Individual Defendants."

6. Defendants admit the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint, except to aver that Jim Feist Sports is an unincorporated division of National Sports Services and admit that the principal place of business of Jim Feist Sports is 3110 Polaris Avenue, Las Vegas, Nevada 89102.

8. Defendants deny the allegations in paragraph 8 of the Complaint, except to aver that Smashmouth Sports is an unincorporated division of National Sports Services and admit that the principal place of business of Smashmouth Sports is 3110 Polaris Avenue, Las Vegas, Nevada 89102.

9. Defendants admit that National Sports Services, Jim Feist Sports and Smashmouth Sports are referred to collectively in the Complaint as the "Corporate Defendants."

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint, except to aver that Defendant National Sports Services provides certain sports handicapping and information services.

15. Defendants deny the allegations in paragraph 15 of the Complaint, except to admit that Defendant National Sports Services advertises its services in certain nationally distributed periodicals.

16. Defendants deny the allegations in paragraph 16 of the Complaint, except to admit that Defendant National Sports Services lists toll-free telephone numbers in some of its advertisements.

17. Defendants deny the allegations in paragraph 17 of the Complaint, except to admit that Defendant National Sports Services maintains various Internet websites, including www.JimFeist.com and to refer the court to the relevant websites for the complete content of such websites.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19 Defendants deny the allegations in paragraph 19 of the Complaint, except to admit that Defendant National Sports Services advertises on national television networks from time to time.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint, and refer the court to the relevant advertisements of National Sports Service for the complete and accurate statement of their contents.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint, except to admit that Plaintiff and representatives of Defendant National Sports Services participated in certain telephone conversations beginning on or about September 24, 2000.

25. Defendants deny the allegations in paragraph 25 of the Complaint, except to admit that Plaintiff purchased certain services from Defendant National Sports Services beginning on or about September 24, 2000.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint, except to admit that Plaintiff purchased certain services from Defendant National Sports Services beginning on or about September 24, 2000.

28. Defendants deny the allegations in paragraph 28 of the Complaint, except to admit that Plaintiff purchased certain services from Defendant National Sports Services beginning on or about September 24, 2000.

29. Defendants deny the allegations in paragraph 29 of the Complaint, except to admit that Plaintiff purchased certain services from Defendant National Sports Services beginning on or about September 24, 2000.

30. Defendants deny the allegations in paragraph 30 of the Complaint, except to admit that Plaintiff purchased certain services from Defendant National Sports Services beginning on or about September 24, 2000.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32, except to admit that Plaintiff purchased certain services from Defendant National Sports Services beginning on or about September 24, 2000 that were worth, in the aggregate, more than $100,000, and to state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's gambling activities.

33. Defendants admit that Plaintiff purports in paragraph 33 to repeat as if fully restated therein the contents of the previous paragraphs of the Complaint and incorporate by reference their responses to paragraphs 1-32 as if fully stated herein.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, except that Defendants admit that Plaintiff purchased, in the aggregate, more than $100,000 worth of services from Defendant National Sports Services.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants admit that Plaintiff purports in paragraph 41 to repeat as if fully restated therein the contents of the previous paragraphs of the Complaint and incorporate by reference their responses to paragraphs 1-40 as if fully stated herein.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint, except to admit that Plaintiff purchased certain services from Defendant National Sports Services and state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's expectations and gambling activities.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants admit that Plaintiff purports in paragraph 47 to repeat as if fully restated therein the contents of the previous paragraphs of the Complaint and incorporate by reference their responses to paragraphs 1-46 as if fully stated herein.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint, except to admit that Plaintiff purchased certain services from Defendant National Sports Services and state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's expectations and gambling activities.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants admit that Plaintiff purports in paragraph 52 to repeat as if fully restated therein the contents of the previous paragraphs of the Complaint and incorporate by reference their responses to paragraphs 1-51 as if fully stated herein.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

### AFFIRMATIVE DEFENSES

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

3. Plaintiff's claims are barred by the doctrine of assumption of risk.

4. Plaintiff's claims are barred by the doctrine of contributory negligence.

6

5.    Plaintiff's claims are barred by the doctrine of laches.

6.    Plaintiff's claims are barred by the doctrine of release.

7.    Plaintiff's claims are barred by the doctrine of statute of frauds.

8.    Plaintiff's claims are barred by applicable statutes of limitations.

9.    Plaintiff's claims are barred by the doctrine of unclean hands.

Dated: November 7, 2003

                                Respectfully Submitted,

BY: _____
        Mark D. Alexander (ct20645)
        E-mail: mda@avhlaw.com
        Chad A. Landmon (ct20932)
        E-mail: cal@avhlaw.com
        Elizabeth T. Timkovich (ct24982)
        E-mail: ett@avhlaw.com
        Axinn, Veltrop & Harkrider LLP
        90 State House Square
        Hartford, CT 06103-3702
        Telephone:    860-275-8100
        Facsimile:    860-275-8101

        Attorneys for Defendants

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing Defendants' Answer to Second Amended Complaint has been sent via first-class U.S. mail, postage prepaid, this 7th day of November, 2003 to:

Jerry D. Goldstein, Esq.
Jerry D. Goldstein, L.L.C.
264 Union Boulevard
Totowa, NJ 07512

                                                  Elizabeth T. Timkovich
                                                  Axinn, Veltrop & Harkrider LLP