UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| N. JAMES VALENTINE, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : CIVIL ACTION NO. |
| | : 3:03CV153 (DJS) |
| NATIONAL SPORTS SERVICES, | : |
| SMASH MOUTH SPORTS, SCOTT | : |
| SPREITZER, JIM FEIST SPORTS, JIM | : |
| FEIST, JOHN DOES 1-5 and XYZ | : |
| CORPORATIONS 1-5 (such names | : |
| being fictitious), | : |
| | : |
| Defendants. | : JULY 6, 2004 |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendants National Sports Services, Smash Mouth Sports and Jim Feist Sports (the "Corporate Defendants") and defendants Scott Spreitzer and Jim Feist (the "Individual Defendants") (collectively, the Corporate Defendants and the Individual Defendants will be referred to as the "Defendants") respectfully move this Court to enter summary judgment against plaintiff N. James Valentine ("Valentine") because there are no genuine issues as to any material fact and because the Defendants are entitled to judgment as a matter of law.

In his Second Amended Complaint, Valentine alleges four purported causes of action relating to his purchase of sports information and handicapping services from the Corporate Defendants in the latter half of 2000: (1) a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, et seq. ("CUTPA"); (2) fraudulent misrepresentation;

**ORAL ARGUMENT REQUESTED**

(3) negligent misrepresentation; and (4) breach of contract. As a matter of law, and as more fully set forth in the (i) Memorandum of Law, (ii) Local Rule 56(a)(1) Statement and (iii) Declaration of Chad A. Landmon, filed concurrently herewith, Valentine simply cannot support such causes of action.

Specifically, summary judgment is warranted because:

- Valentine has no basis for sustaining a cause of action against the Individual Defendants because he had no relevant contact whatsoever with the them.

- Valentine is barred from asserting any claims against the Corporate Defendants as a result of an unambiguous covenant not to sue that he executed in December 2000. Through this covenant not to sue, Valentine obtained a $5,000 refund from the Corporate Defendants in exchange for his agreement to take no further action relating to his purchases from the Corporate Defendants.

- Even if the covenant not to sue is ignored, Valentine's alleged causes of action are without merit. First, the alleged statements upon which Valentine bases his fraudulent and negligent misrepresentation claims amount to nothing more than unactionable puffery and predictions of inherently uncertain future events. As a matter of black letter law, such statements cannot form the basis for a misrepresentation claim. Second, Valentine cannot meet any of the three criteria for establishing unfairness under CUTPA in order to sustain such a cause of action. Finally, Valentine's breach of contract claim cannot even clear the initial hurdle of proving definite and enforceable contract terms, and the undisputed facts make clear that Defendants fully provided the services Valentine purchased.

WHEREFORE, the Defendants respectfully request that the Court grant their Motion for Summary Judgment.

Dated:  July 6, 2004

>Respectfully Submitted,
>
>BY: _____
>Mark D. Alexander (ct20645)
>E-mail:  mda@avhlaw.com
>Chad A. Landmon (ct20932)
>E-mail:  cal@avhlaw.com
>Erin M. Boggs (ct22989)
>E-mail:  emb@avhlaw.com
>Axinn, Veltrop & Harkrider LLP
>90 State House Square
>Hartford, CT  06103-3702
>Telephone:     860-275-8100
>Facsimile:     860-275-8101
>
>Attorneys for Defendants

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing Motion for Summary Judgment has been sent via first-class U.S. mail, postage prepaid, this 6th day of June, 2004 to:

Jerry D. Goldstein, Esq.
Jerry D. Goldstein, L.L.C.
264 Union Boulevard
Totowa, NJ 07512

_____
Mark D. Alexander