UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| N. JAMES VALENTINE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:03CV153(DJS) |
| | : | |
| NATIONAL SPORTS SERVICES; | : | |
| SMASHMOUTH SPORTS; SCOTT | : | |
| SPREITZER; JIM FEIST; JOHN | : | |
| DOES 1-2 AND XYZ CORPORATIONS | : | |
| 1-5 (such names being | : | |
| fictitious); | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF DECISION**

Plaintiff N. James Valentine brings this action against defendants, National Sports Services, Inc. ("NSS"), Smashmouth Sports, Scott Spreitzer, Jim Feist Sports, and Jim Feist. Plaintiff asserts the following claims against defendants:(1) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a-42-110q,(2) breach of contract, (3) fraudulent misrepresentation, and (4) negligent misrepresentation.  Plaintiff seeks judgment against defendants, jointly and severally, for actual damages, punitive damages, costs and reasonable attorneys' fees.  Defendants deny liability on all counts and assert several affirmative defenses. Defendants have filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (dkt. # 47).

For the following reasons, defendants' motion is **GRANTED.**

## I. FACTS

Plaintiff N. James Valentine is a Connecticut citizen.
Defendant Jim Feist is the President, Secretary, Treasurer, and
the Chairman of the Board of Directors for defendant NSS.
Defendants Smashmouth Sports and Jim Feist Sports are
unincorporated divisions of NSS.  Defendant Scott Speitzer is a
sports gaming consultant retained as an independent contractor by
NSS.

NSS provides sports handicapping and information services.
NSS advertises its services in certain nationally distributed
periodicals. NSS lists toll-free telephone numbers in some of its
advertisements and maintains various web sites including
www.JimFeist.com.  Occasionally, NSS advertises on national
television networks.

Valentine subscribed to a magazine called Pro Football
Weekly, in which Jim Feist Sports advertised a free prediction
for a college football game.  Valentine called the listed toll-
free phone number for the free pick, and shortly thereafter,
beginning on or about September 24, 2000, representatives of NSS
started soliciting him by phone.  Valentine purchased services
from NSS beginning on or about September 24, 2000 that were
worth, in the aggregate, more than $100,000.

Valentine complained to Jim Feist Sports about the accuracy of its picks at various times in October, November, and December of 2000. In response to his complaints, Tom Margoglio, a sales manager at Jim Feist Sports, faxed Valentine the following offer:

> This letter is to confirm our intent to issue a credit in the amount of $5000.00 to your Master Card #. . . . The credit will be issued as soon as we are in receipt of the signed statement below. However, it may take up to one full billing cycle to appear on your credit card statement.  December 12, 2000.

(Dkt. # 50, Ex. O at  1 ).  Valentine signed the following:

> I hereby authorize all charges made to Jim Feist Sports prior to December 12, 2000.  I understand that my Master Card # ... will be credited as soon as I sign and return the statement below.  Once my account has been credited, I agree to take no further action on any charges I may have incurred on Master Card # . . ., Visa Card # . . . and American Express Card # . . . with Jim Feist Sports prior to this date. . . .

(Id.).  After signing this document, Valentine did not purchase services from NSS.

## II. DISCUSSION

Valentine alleges four causes of action relating to his purchase of sports information and handicapping services from the defendant:(1)violation of CUTPA,(2) fraudulent misrepresentation, (3) negligent misrepresentation, and (4) breach of contract. Defendants move for summary judgment with respect to all counts of the complaint and raise numerous defenses.

-3-

A.   STANDARD

A motion for summary judgment may be granted "if the
pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any, show
that there is no genuine issue of material fact and that the
moving party is entitled to judgment as a matter of law."  Fed.
R. Civ. P. 56(c).  Summary judgment is appropriate if, after
discovery, the nonmoving party "has failed to make a sufficient
showing on an essential element of [its] case with respect to
which [it] has the burden of proof."  Celotex Corp. v. Catrett,
477 U.S. 317, 323 (1986).  "The burden is on the moving party 'to
demonstrate the absence of any material factual issue genuinely
in dispute.'"  American Int'l Group, Inc. v. London Am. Int'l
Corp., 664 F.2d 348, 351 (2d Cir. 1981) (quoting Heyman v.
Commerce & Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir.
1975)).  A dispute concerning a material fact is genuine "'if
evidence is such that a reasonable jury could return a verdict
for the nonmoving party.'"  Aldrich v. Randolph Cent. Sch. Dist.,
963 F.2d 520, 523 (2d Cir. 1992) (quoting Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 248 (1986)).  The court must view all
inferences and ambiguities in a light most favorable to the
nonmoving party.  See Bryant v. Maffucci, 923 F.2d 979, 982 (2d
Cir. 1991).  "Only when reasonable minds could not differ as to

the import of the evidence is summary judgment proper." Id.

## B. COVENANT NOT TO SUE

Valentine is barred from advancing his claims against the corporate defendants because he signed a covenant not to sue. "Courts use contract principles to evaluate the scope of releases and covenants not to sue." Hunter Douglas, Inc. v. Comfortex Corp., No. 98-CV-0479, 1999 U.S. Dist. LEXIS 10907, at *12 (N.D.N.Y  May 10, 1999).  "Summary judgment is generally proper in a contract dispute only if the language of the contract is wholly unambiguous. . . .  The question of whether the language of a contract is clear or ambiguous is a question of law to be decided by the court."  Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc., 232 F.3d 153, 157-58 (2d Cir. 2000) ("Compagnie Financiere"). "Contract language is ambiguous if it is 'capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement.'" Id. at 158 (quoting Sayers v. Rochester Tel. Corp. Supplemental Management Pension Plan, 7 F.3d 1091, 1095 (2d Cir. 1993)); see Sayers, 7 F.3d at 1094 ("If the language is susceptible to different reasonable interpretations, and 'where there is relevant extrinsic evidence of the parties' actual intent,' then the contract's meaning becomes an issue of fact

-5-

precluding summary judgment.") (quoting  Seiden Assocs. v. ANC

Holdings, Inc., 959 F.2d 425, 428 (2d Cir. 1992)).  "No ambiguity

exists when contract language has 'a definite and precise

meaning, unattended by danger of misconception in the purport of

the [contract] itself, and concerning which there is no

reasonable basis for a difference of opinion.'" Sayers, 7 F.3d at

1095 (quoting Breed v. Ins. Co. of North America, 46 N.Y.2d 351,

355 (1978)).  "[W]here the language of the contract is clear and

unambiguous, the contract is to be given effect to its terms, and

resort to parol evidence is not only unnecessary but improper. .

. .  If a contract is clear, courts must take care not to alter

or go beyond the express terms of the agreement, or to impose

obligations on the parties that are not mandated by the

unambiguous terms of the agreement itself." Lee v. BSB Greenwich

Mortg. L.P., 267 F.3d 172, 178 (2d Cir. 2001).

    The statement "I agree to take no further action," (dkt # 50

Ex. O at 1), is unambiguous.  An "action" is defined as "[a]

legal proceeding by which one demands or enforces one's right in

a court of justice."  Webster's Third New International

Dictionary 21 (1993).  Valentine waived his right to bring a

claim against the corporate defendants when he signed the

document in consideration for the $5,000.00 credit.  As such,

judgment shall enter in favor of the corporate defendants on all

Valentine's claims.[1]

   C. CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS

   Valentine's claims against Jim Feist and Scott Speitzer also

fail as a matter of law.  To the extent Valentine asserts his

claims against Jim Feist and Scott Spreitzer individually, the

evidence submitted does not, as a matter of law, prove that these

individuals personally committed a tort against Valentine.  "[A]n

officer of a corporation does not incur personal liability for

its torts merely because of his official position.  Where,

however, an agent or officer commits or participates in the

commission of a tort, whether or not he acts on behalf of his

principal or corporation, he is liable to third persons injured

thereby."  Scribner v. O'Brien, Inc., 169 Conn. 389, 404 (1975).

In order to hold an officer or agent of the corporation

personally liable for a tort, plaintiff "must allege facts

setting forth the nature of the individual's participation."

Suitt Const. Co., Inc. v. Bottling Group, LLC, No.

X06-CV-02-0176332S, 2003 WL 22598196, at *10 (Conn. Super. Ct.

---

   [1] The covenant not to sue applies to Jim Feist Sports and
Smashmouth Sports, which are unincorporated divisions of NSS. An
unincorporated division of a corporation is not a distinct legal
entity, and, therefore, cannot be liable if the corporation
itself is not liable. Greenbaum v. Svenska Handelsbanken, 26 F.
Supp. 2d 649 ,654 (S.D.N.Y. 1998).

Oct. 23, 2003).

Valentine's claims are based upon alleged misrepresentations about the quality of defendants' services.  With respect to Jim Feist, Valentine admitted that he never spoke with Jim Feist, and there is no evidence in the record that reflects any other form of direct communication between Jim Feist and Valentine. Although Spreitzer did speak to Valentine over the telephone, Valentine has not provided a sufficient basis for holding Spreitzer liable for any tort alleged in the amended complaint. Therefore, judgment shall enter in favor of the individual defendants on all claims set forth in the amended complaint.

### III. CONCLUSION

For the reasons stated herein, defendants' motion for summary judgment (dkt. #47) is **GRANTED**.  Judgment shall enter for all defendants, on all counts.  The Clerk of the Court shall close this file.

So ordered this 18th day of May, 2005.

**/s/DJS**
_____
**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**